ROBERT KEMP v. STATE OF MISSISSIPPI.

[42 South. Rep., 606.]

CRIMINAL LAW AND PROCEDURE.  *Indictment.  Robbery.  Larceny.*

A verdict convicting a defendant of larceny under an indictment
for robbery alone cannot be sustained in the absence of evidence
showing a larceny, although the testimony warranted a convic-
tion for robbery by violence.

From the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Kemp, the appellant, was indicted and tried for robbery, con-
victed for grand larceny, and sentenced to the penitentiary for
five years.   From such conviction and sentence he appealed to
the supreme court.

There were three counts to the indictment.   The first charged
robbery as defined by statute, the second robbery as at common
law, and the third robbery by means of intimidation; each
charged that appellant by violent means robbed one Purl of a
gold watch and chain, $35 in cash and a pocket knife.   The
proof showed that Purl, being intoxicated, left a designated
resort in Gulfport during the nighttime in a buggy with the
appellant and one Goza; that the appellant drove the vehicle to
an unfrequented part of the city where Purl was assaultd and
evidently robbed of the property mentioned by appellant and
Goza.   And they also took from him his hand satchel containing
a few articles of clothing.   How the hand satchel was taken was
a matter of dispute, the testimony tending to show that it was
secured by fraud rather than by violence.   All testimony relat-
ing to the hand satchel was objected to by appellant because it
was not mentioned in the indictment, but the court declined to
exclude the same.   The state, in addition to instructions defin-
ing robbery, obtained an instruction to the effect that if appel-

lant ·feloniously took the property in question from Purl by stealth or fraud, with intent to steal the same, appellant was guilty of larceny.    The jury found appellant guilty, not of robbery, but of. larceny.    The opinion further states the case.

*W. H. Maybin,* for appellant.

Under the facts appellant could not legally be found guilty of larceny.    The proof showed an outrageous robbery, if the testimony offered by the state be true, but there was no evidence on which to base a finding of larceny.    An examination of the evidence will disclose that the entire theory of the state was that appellant was guilty of robbery, for not a question was asked by the prosecution, nor even any suggestion made, which hinted at anything other than a bold and atrocious robbery.

It was accordingly reversible error for the lower court to grant the instruction asked by the state suggesting to the jury that they might return a verdict for grand larceny if they should find the proof sufficient to constitute such offense.

It cannot be said here, as is often said where an indictment includes a greater and lesser crime and there is conviction of the lesser crime, that the defendant cannot complain when found guilty.    In any case of conviction there must be some evidence on which to rest it; but there is no evidence here to show guilt of larceny.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Larceny is involved in robbery, and a jury may, on an indictment for robbery, find a verdict for the lesser crime, if there be evidence to support the verdict.    It is true that the testimony of Purl, if belived in its entirety by the jury, would require a conviction of the graver offense, but assuming his story to be true, the appellant should congratulate himself on the more merciful finding of the jury.    Was it an unreasonable conclusion that force and violence were not necessary on appellant's part in taking away from the drunken victim the property de-

scribed in the indictment? Conceding that Purl was too drunk to know what actually happened at the time, could not the jury very rationally have taken a practical and common sense view of the whole case, and concluded that the evidence, as a whole, pointed to a less violent taking than would constitute robbery?

WHITFIELD, C. J., delivered the opinion of the court.

Each of the three counts in this indictment charges robbery. This is not a case of an indictment charging robbery in one count and larceny in the other. Robbery is alone charged, and the proof contains not one scintilla of evidence of larceny; but an overwhelming case of robbery was made out, and of nothing but robbery. The hand satchel is not mentioned in the indictment. The extraordinary action of the jury in finding the defendant guilty of larceny, without one particle of proof to sustain larceny, and acquitting him of robbery, of which he was most overwhelmingly convicted by the evidence, is one of those inexplicable things illustrating the uncertainty, at times, of judicial proceedings.

*Reversed and remanded.*